DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Clyde H. Scott has appealed from his sentence imposed by the Wayne County Court of Common Pleas. This Court reverses.
 I {¶ 2} On October 8, 1998, an indictment was filed against Appellant for nine counts of gross sexual imposition in violation of R.C.2907.05(A)(4), a felony of the third degree, with each count containing a sexually violent predator specification. Appellant initially entered a plea of "not guilty" to all nine counts, but then changed his plea to guilty on all counts with the specifications.
 {¶ 3} On December 16, 1998, the trial court sentenced Appellant to five years to life on each count.[1] The trial court ordered that the maximum sentence of five years on each count be served consecutively for an aggregate term of forty-five years.
 {¶ 4} After serving over five years of his sentence, Appellant, proceeding pro-se, filed a motion with the trial court requesting that his sentences be served concurrently. The trial court construed the filing as a general motion for post conviction relief and appointed counsel to represent Appellant. Appellant's counsel then requested a pretrial hearing at which time he requested that Appellant's previous motion be construed as a motion for post conviction sentence modification.
 {¶ 5} On October 27, 2004, the trial court issued a journal entry finding that 1) Appellant had pled guilty to nine counts of gross sexual imposition with sexually violent predator specifications; 2) the trial court failed to appoint appellate counsel; 3) the trial court had no jurisdiction to modify Appellant's sentence; 4) the trial court and parties agreed that Appellant should file a request for a delayed appeal; and 5) the prosecutor agreed not to contest a remand by the appellate court on the issue of sentencing. The trial court made the following conclusions of law:
"1. [Appellant] was sentenced by the Wayne County Court of Common Pleas on December 17, 1998 to five years to life on each count, this being the maximum sentence under O.R.C. 2971.03 and O.R.C. 2929.14(A)(3).
"2. The Court failed to make the required findings under O.R.C.2929.14(C) to warrant imposing the maximum sentence.
"3. [Appellant,] having been sentenced to the maximum prison term under law[,] was guaranteed an appeal as of right under O.R.C. 2953.08."
 {¶ 6} This Court granted Appellant's motion for a delayed appeal. Appellant has timely appealed his sentence, asserting one assignment of error.
 II Assignment of Error Number One
"The imposition of maximum sentences was not supported by the record, or was otherwise contrary to law."
 {¶ 7} In his first assignment of error, Appellant has argued that the trial court failed to make the requisite findings on the record under R.C. 2929.14(C). Specifically, Appellant has argued that the trial court failed to specify its reasons for imposing the maximum sentence on each of his nine convictions of gross sexual imposition. The State has conceded that the trial court did not make findings pursuant to R.C.2929.14(C) and that the matter should be reversed and remanded for resentecing. We agree.
 {¶ 8} When reviewing a sentence on appeal, an appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate the sentence and remand the matter for resentencing. R.C.2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2):
"The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
"(a) That the record does not support the sentencing court's findings under division (B) or (D) of [R.C. 2929.13] * * *;
"(b) That the sentence is otherwise contrary to law." R.C 2953.08(G)(2).
Clear and convincing evidence is:
`"[T]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."' State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 9} Appellant has asserted that the trial court erred in imposing the maximum sentence without making the requisite findings under R.C.2929.14(C). Appellant was convicted of nine counts of gross sexual imposition, a felony of the third degree, with sexually violent predator specifications.
 {¶ 10} R.C. 2929.14(A)(3) provides that "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." Pursuant to R.C. 2929.14(C):
"[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *[.]" R.C. 2929.14(C).
 {¶ 11} As previously noted, Appellant received the maximum sentence of five years for each of his nine convictions for gross sexual imposition. As such, the trial court was required to comply with R.C. 2929.14(C). The record shows, and the State has conceded, that the trial court's journal entry did not contain the necessary findings to impose the maximum sentence.
 {¶ 12} Due to the trial court's failure to comply with R.C. 2929.14(C), we clearly and convincingly find that Appellant's sentence is contrary to law. Accordingly, Appellant's sole assignment of error is well taken.
 III {¶ 13} Appellant's sole assignment of error is sustained. The sentence imposed by the trial court is vacated, and Appellant's case is remanded for sentencing.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., Moore, J., Concur.
[1] Appellant was sentenced several years prior to the release of Statev. Comer (2003), 99 Ohio St.3d 463, 2003-Ohio-4165, and State v. Riley,
9th Dist. No. 21852, 2004-Ohio-4880.